## Case No. 17,277.

### WATSON v. BLADEN.

[4 Wash. C. C. 580; [1] 1 Robb. Pat. Cas. 510.]

Circuit Court, E. D. Pennsylvania. April Term, 1826.

PATENT FOR INVENTION—USE OF MACHINE.

1. Using a machine with a view to an experiment to test its value, is a using within the sixth section of the patent act.

2. A patent which covers the discovery of another that had been in use, is too broad; and therefore void.

[Cited in Byam v. Bullard, Case No. 2,262; Yoder v. Mills, 25 Fed. 821.]

This was an action for the infringement of a patent granted to E. Treadwell, for an improvement in forming and piercing bread, called by him "a cracker or biscuit finisher." The specification describes the different parts of the machine, amongst which are the circular cutters, the piercers, and the clearers, which cut, pierce, and clear the biscuit at one operation. The plaintiff claims, as assignee of Treadwell, all his right and title to the said invention, so far as the same applies to the city and county of Philadelphia, and to all other cities and towns on the river Delaware, from Chester to Easton, and to Wilmington and Newcastle. Plea, the general issue, with notice of special matter.

The plaintiff proved that the defendant used a machine precisely the same in principle with the one for which he had obtained his patent, and that the invention was highly useful. The defendant, under his notice, gave evidence to show that the plaintiff prepared a drawing of the machine which he contemplated having made, and employed one Tobias Martin, an ingenious and skilful mechanic, to construct it. This person, whose deposition was read, deposed that, after making a model according to the description given by Treadwell, it was found not to answer the intended purpose. That he suggested to Treadwell many improvements and alterations, which, being adopted, rendered the machine effectual. He does not, however, state, with any degree of precision, what were the particular parts which were embodied in the machine in consequence of his suggestions, but he states that he considers himself as being the original inventor, although he knew of Treadwell's intention to take out a patent, and made no objection. The defendant also produced in court a machine, constructed by one Peter Christian, many years prior to Treadwell's patent and invention, for cutting, piercing, and clearing the biscuit at one operation, which all the witnesses skilled in the art declared was in no respect different in principle from Treadwell's; although, being designed to be used by hands,

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

whereas the plaintiff's was fixed in a frame and worked by a lever power, it was not preferable to the old mode of making biscuit by hand, and was in fact of little or no value. It was further proved that biscuit was made with this machine in Christian's public bakery, to the extent of perhaps half a barrel of flour. This was done for an experiment.. It was found not to answer as well as was expected, and was thrown aside.

The ground principally relied upon by the plaintiff's counsel to get clear of Christian's discovery, was, that his machine was never used except for an experiment, which is not the kind of use meant by the sixth section of the patent law. He cited the case of Boulton v. Bull, 2 H. Bl. 470; Bedford v. Hunt [Case No. 1,217]; [Evans v. Eaton] 3 Wheat. [16 U. S.] 481, 514; 1 Holt, N. P. 58; 3 Inst. 184.

The defendant insisted that the patent was void, (1) Because it covers Martin's discoveries, in part, at least. Sterns v. Barrett [Case No. 13,337]. (2) It is not a new invention; Christian's having been discovered and used anterior to Treadwell's discovery. Woodcock v. Parker [Id. 17,971]. Gray v. James [Id. 5,718]. And lastly, because it is too broad, by including all the essential parts of Christian's machine.

C. J. Ingersoll, for plaintiff.
Mr. M'Ilvaine, for defendant.

WASHINGTON, Circuit Justice (charging jury). There are three objections made by the defendant's counsel to Treadwell's invention, either of which is sufficient to entitle the defendant to a verdict, if the facts are found by the jury to be in his favour. The first is, that Treadwell was not the inventor of the machine patented, or of the whole of its essential parts. If he was, then secondly, that he was not the original inventor. And lastly, that the patent includes all the essential parts of Christian's machine, and not merely an improvement of that machine.

1. Treadwell is asserted not to be the inventor of the whole of the machine for which he has obtained a patent; because it is proved by Martin, that some, at least, of the essential parts of it were discovered by him, and were introduced into it upon his suggestions. The deposition of this witness is certainly very obscure in designating those parts of the machine of which he asserts himself to have been the inventor, and it is therefore to be regretted that his attendance here for the purpose of being examined before the jury could not have been obtained. It is all important to ascertain what those parts were, and this the jury must endeavour to do upon an attentive perusal of his deposition after their retirement. All that remains for me to do is to lay down a few general rules for their government. If they should be satisfied that the whole, or any of the essential parts and principles of the machine were invented by Martin, and introduced into the machine upon his suggestion,

the whole patent is void. But if this does not appear, or if they should be satisfied from the testimony of the man, that he merely suggested some alterations in the form or proportions of the machine, as designed by Treadwell, this will not be sufficient to deprive Treadwell of the merit of the invention, or affect the validity of his patent; nor would it be, as to such alterations, a discovery which would entitle Martin to take out a patent for them. If a contrary doctrine were to be maintained, very few, if any patents could be upheld, unless in those cases where the inventor is also the mechanician who constructs the machine. His genius may be equal to the task of conceiving all the principles, as well as the general structure and form of the machine. But he may be unacquainted with the use of tools, and be quite unable to anticipate in what manner the contemplated form of any particular part of the machine may affect its operation, until the work is in progress, and the materiality of form can then be practically discerned. That some alteration of the contemplated form or proportions should be found necessary, would be, in most instances to be expected; and who so likely to perceive the necessity of it, and to suggest it as the workman who is engaged in constructing the machine? But if such suggestions are sufficient to invalidate the patent, few patents would stand the test of such a principle. This point was decided by this court at the last term in the case of Pennock v. Dialogue [Case No. 10,941], and was not objected to, that I know of.

2. The next objection to the patent is, that Treadwell was not the original inventor of this machine, but that it was invented and used by Peter Christian, anterior to the patent and discovery of Treadwell. That Christian's machine was invented many years prior to Treadwell's, is proved by uncontradicted testimony, and is not denied by the plaintiff's counsel. That it possesses all the essential parts and principles of Treadwell's machine, the cutters, piercers and clearers, is manifest by comparing the two together; besides which, the fact is proved by all the witnesses. Used with no other than hand power, it is proved, and admitted, not to answer the purpose of a labour saving machine. But the same objection lies against Treadwell's machine, should the same power be applied. and that the inventor contemplated the application of that power, as well as the lever. as now used, is expressly stated in his specification. The plaintiff's counsel has pronounced Christian's machine to be positively worthless. I can only observe that this censure would be very unbecoming in Treadwell, who has incorporated all its essential parts into the machine for which he has obtained a patent. But the point mainly relied upon by the plaintiff's counsel is, that no evidence is given that Christian's machine was ever used within the true meaning of that expression in the patent act. It is admitted that an experiment was made with it, but this, it is argued, was not

such a using as the act intends. It surely cannot be denied that the act of making crackers with it amounted to a using of it according to the common and accepted meaning of that phrase; and I am quite at a loss to imagine how this meaning can be varied by the particular motive which induced the inventor so to employ the machine. I can discover nothing in the patent act which will authorise the court to depart from the ordinary meaning of this expression, and to declare that a machine which is put into operation for the sole purpose (if such be the case) of trying its practical utility, is not used within the meaning and intent of the sixth section of that act. The plaintiff's counsel relied in some measure upon certain expressions of the judges in the two cases of Boulton v. Bull, 2 H. Bl. 463, and Bedford v. Hunt [Case No. 1,217]. But so far as any satisfactory inference can be drawn from those expressions, in its application to the particular point under consideration; it strikes me to be unfavourable to the construction contended for. They manifestly contrast the confining of the invention to the closet of the inventor and a mere speculative invention, with putting it into use, practice, or operation; and not the putting of it in practice for the purpose of an experiment, with any other purpose whatever. Upon the whole, I am of opinion, that the experiment of this machine made by Christian, in the year 1807, amounted to a using of it within the true meaning of the sixth section of the patent act.

3. If Christian's machine was invented and used prior to the discovery of Treadwell, then his patent is void, because it covers all the essential parts of Christian's machine, without which it could not operate at all to produce the intended result. The rule of law, that where the patent embraces the discovery of another person, it is void; is too well established to be now controverted; nor was it controverted by the plaintiff's counsel, who candidly admitted, that if Christian's machine was used, he could not maintain the validity of Treadwell's patent.

The jury found a verdict without leaving the room, and the plaintiff suffered a nonsuit.

[For another case involving this patent, see Case No. 14,154.]