LAPSLEY (LA VEGA v.). See Case No. 8,-123.

———

## Case No. 8,084.
### LARABEE v. CORTLAN et al.
[3 Fish. Pat. Cas. 5; Taney, 180; Merw. Pat. Inv. 416.] [1]

Circuit Court, D. Maryland. April Term, 1851.

PATENTS—COMBINATION OF ELEMENTS—DIFFERENT FORMS OF COMBINATION—JET-BATH AND MOVABLE RESERVOIR.

1. A patentee, who is not the inventor of a particular element of a combination, can not claim that element in combination with every form of another element with which he unites it, but may claim it when constructed and combined as described in his specification.

2. Where a patentee claimed the combination of a jet-bath and a movable reservoir, and both were old, and a jet-bath had also been previously combined with a fixed reservoir: Held, that if the movable reservoir was combined with the jet-bath in substantially the same manner as the fixed reservoir was combined with the jet-bath, or with no more changes than a mechanic of ordinary skill, with the old improvement before him, would adopt, the patent could not be sustained.

3. And this, although the patentee may not have seen or known of the jet-bath with a fixed reservoir, nor of the movable reservoir, and had, in fact, invented the improvement by the efforts of his own genius and studies.

4. But, if the manner of connecting and combining the jet-bath with the movable reservoir

1 [Reported by Samuel S. Fisher, Esq., and by James Mason Campbell, Esq., and here compiled and reprinted by permission. The syllabus and charge are from 3 Fish. Pat. Cas. 5, and the statement is from Taney, 180.]

and supplying the jet-bath with water from the reservoir, is substantially different from the one used in the old improvement, the patent is valid.

2 [The plaintiff [Ephraim Larabee] sued the defendants [James Cortlan and James Cortlan, Jr.] for an infringement of his patent-right [No. 5,993] for an improvement in shower-baths. The defendants also held a patent for the bath constructed by them. The suit was brought on the 24th of April, 1849, and was tried at April term, 1851.

[A bath, proved to have been in use in New York, in 1843 (prior to the date of the defendants' patent), was exhibited to the jury, called the French bath. It consisted of a fixed reservoir, about five feet from the ground; the water from which, on opening a stopcock, flowed into a vertical tube or back-bone, reaching nearly to the ground, of uniform size throughout, and three-fourths of an inch in diameter; this tube communicated with tubular ribs or arms, in which were small holes at short intervals, from the back-bone to their extremities; from these holes the water was thrown in jets, upwards and inwards, so as to fall upon and strike the back and sides of a bather seated on a stool within the embrace of the arms. The tubular ribs were three in number, each capable of being removed, so that the bather could regulate the number of jets playing on him, and the height at which they were discharged. To this bath a tube, also capable of being removed at pleasure, was attached, above the jet-tubes, with a rose at the end, so that a vertical or common shower-bath could be taken on the bather's head; and by increasing the altitude of the frame in which the bath was placed, a bath could be taken by a person standing at any height he desired.

[One of the baths constructed by the defendants, according to their specification, on being produced in court, exhibited the following construction: It had two tubular arms, of the general form of those of the French bath, that communicated with the reservoir, which, in this case, was movable, by a vertical tube or back-bone, that moved with the reservoir, the upper division of which, reaching from the reservoir to the upper arms, was larger than the lower division, extending to the lower arms. The diameter of the upper division was between $1\frac{3}{8}$ and $1^7/_{16}$ inches, and of the lower $1^3/_{16}$ of an inch. It was proved by the foreman of the defendants' shop, who manufactured their baths, that the proportions of the parts of the back-bone was a matter that gave them trouble to ascertain, experiments being necessary; owing, as he stated, to the want of accurate knowledge from books, a want that prevented the result being obtained by calculation.

[The plaintiff produced to the jury, for illustration, one of the baths constructed by himself, under his patent, exhibiting the following construction: The reservoir communicated with his jet-pipes by means of a sub-reservoir and four tubes; the diameter of the sub-reservoir being $9\frac{1}{4}$ inches on the outside, and each of the four pipes through which the water flowed to the tubes containing the jets, three-fourths of an inch. The water passed from the main to the sub-reservoir by a valve, which opened upwards and closed downwards, operated by a lever and cord attached thereto, and thence descended downwards through the upright tubes into the horizontal ones; these horizontal or discharging tubes were connected together by short pieces, at their ends, so as to form an oblong octagon, but were stopped up at the place of joining, so as to prevent the water from passing from one tube to the others.

[It was proved, that the plaintiff's first bath was sold in the spring of 1848, and the defendants' in the fall of the same year. It was also proved, that the plaintiff had filed a caveat in the patent office, on the 12th of May, 1848, to protect his invention. It was admitted that, in the mere uniting, by any mechanical means, of tubes with the reservoir that supplied them, there was no difference in principle or mode of operation, arising from the fact that one reservoir was a stationary and the other a movable one.

[On the above facts, the plaintiff contended, and prayed the court to instruct the jury:

[(1) That his patent was for the combination of a jet-bath with a movable reservoir, the two moving together independently of the particular mode of connection; the result being a machine consisting of the above two elements, united in the manner described in the specification, or in any convenient mechanical way, and operating to enable a bather, of whatever height, to adjust and enjoy a jet-bath suited to his stature.

[(2) That supposing this to be the true construction of the plaintiff's patent, the fact that a movable reservoir, supplying a common shower-bath, had been patented by Stephen Bates, on the 12th of October, 1843, for the use of which the plaintiff had no license, did not invalidate or affect his patent, otherwise than to subject him to an action at the suit of said Bates, if he used the movable reservoir, patented by him, without his license.

[(3) That admitting the above construction of the patent to be wrong, and that the plaintiff's patent was for the particular mode, and not the mere fact of the combination, to wit: the sub-reservoir and four connecting tubes; yet, if this mode of connection produced, for the first time, a new and useful effect, in the instantaneousness and promptitude with which the water was supplied from the movable reservoir to the jets connected therewith; and the same effect was produced, substantially, by means substantially the same in principle and mode of operation, in the defendants' bath, differing

in this respect from the French bath, or any other jet-bath offered in evidence, except the plaintiff's, then there was an infringement, for which the plaintiff was entitled to damages.][2]

J. H. B. Latrobe and Reverdy Johnson, for plaintiff.

William Schley, for defendants.

Before TANEY, Circuit Justice, and HEATH, District Judge.

TANEY, Circuit Justice (charging jury). First. The first question to be decided in this case is, what is the invention claimed by the plaintiff. His claim, as summed up in his specification, is in the following words: "I do not claim the jet-bath, neither do I claim the movable reservoir, both having been used separately before, but I do claim and desire to secure the combination of a movable reservoir with a jet-bath constructed as herein described."

The specification, of course, describes the various mechanical contrivances by which the bath is to be raised or lowered, or kept stationary at the height desired by the person taking the bath, and the manner in which the reservoir and jet-pipes are to be arranged, and the machine put in operation. But these form no part of his claim, nor are they patentable. For they are nothing more than the ordinary and familiar mechanical powers which have always been used for similar purposes, and form no part of the combination claimed as new.

The specification, however, leaves it very doubtful whether the plaintiff claims as new the whole machine composed of the movable reservoir and jet-pipes united together, including the movable reservoir, as a part of the machine patented. And if it be so construed as to make the movable reservoir a part of the combination patented to the plaintiff, the patent is invalid. For it appears that the movable reservoir had been patented some years before the plaintiff's improvement was made; and that the patentee has conveyed his right to the exclusive privilege in the city of Baltimore to the defendants, who now hold it; and that the plaintiff never has received any license or authority from the patentee or his assigns to make, use or vend the movable reservoir.

And if the patent office has granted to the plaintiff the whole combined machine, including the movable reservoir, it has granted what the law does not authorize, for it had no right to grant to the plaintiff any right in an invention which was then the exclusive property of another. But the claim, as summed up in the specification, is susceptible of another construction, and may be confined to the connection of the movable reservoir with the jet-bath constructed as described in the specification; that is, to the connection of the two known improvements

[2] [From Taney, 180.]

in the manner described, so as to make both movable together in combination with each other, moving at the same time and by application of the same force. And as this construction would authorize the patent to issue, if this were a patentable improvement, and the plaintiff the first and original inventor, the court think it ought to be adopted as the true one. And the jury are therefore instructed that the patent covers nothing more than the connection of the reservoir with the jet-bath, constructed in the manner and form therein described.

It remains to inquire whether the plaintiff was the first and original inventor of this improvement, and entitled to its exclusive use.

Second. It is admitted that a shower-bath, with a fixed reservoir and a fixed jet-bath combined and connected with it, and fed by water from the reservoir, was known and in use in the United States before plaintiff's improvement was made, and also a movable reservoir without a jet-bath combined with it.

If, therefore, the plaintiff's mode of connecting and combining the jet-bath with the movable reservoir, and supplying the jet with water from the reservoir, is substantially the same with that by which the jet-bath and fixed reservoir were united together in the old improvement, or if a mechanic of ordinary skill and acquainted with such business, with the old improvement before him, could have attached the jet-bath to the movable reservoir in a manner that would produce the same result with that adopted by the plaintiff, then the improvement he claims to have invented is not patentable, and his patent is invalid.

The plaintiff admits, in his specification, that his jet-bath is the same with the old improvement, and therefore, an alteration in the size or arrangement of the pipes, or of the holes, or of the quantity of water discharged, or of the part of the body on which it is discharged, is not a substantial difference from the old jet-bath, and is not covered by the patent. There must be something new in the principle and mode of operation by which the water is supplied to the jets by the movable reservoir in the mode of connection claimed by the plaintiff as his invention.

Third. And if the jury find that the plaintiff's improvement is one of this description, his patent is invalid, although he may not have seen or known of the shower-bath with a fixed reservoir and fixed lateral jets combined with it, nor of the movable reservoir, and in fact, have invented the improvement by the efforts of his own genius and studies. In order to entitle him to a patent he must not only be the inventor, but the first inventor. But the patent is prima facie evidence that the plaintiff was the first inventor of the improvement described in it.

Fourth. But if the jury find that the manner of combining and connecting the jet-bath

with the movable reservoir, and of supplying the jet with water from the reservoir described in the plaintiff's specification is substantially different from the one used in the old improvement before mentioned, of the fixed reservoir with the fixed jet-bath combined with it; and that with this old improvement before him it would require more skill and ingenuity to attach the jet to the movable reservoir so as to combine them together, than is ordinarily possessed by mechanics acquainted with and accustomed to work in business of this kind; and also find that the plaintiff was the first and original inventor of this improvement, then his patent is valid, and entitles him to the exclusive use of the improvement covered by the patent.

Fifth. And if under the foregoing instructions the jury find that the patent is valid, and also find that the mode of combining and connecting the jet-bath with the movable reservoir, and supplying the jet with water from the reservoir used in the shower-baths of the defendants, is substantially the same with that described in the plaintiff's specification, then the defendants have infringed his patent, and plaintiff is entitled to recover the damages he may have sustained by such infringement.

Verdict for defendants.

[NOTE. In the report of this case as contained in Taney, 180, the charge of the court, in different language, is reported as follows:

[TANEY, Circuit Justice (charging jury). 1. The validity of the defendants' patent is not in question in this case. The question is, whether the shower-bath exhibited to the court and jury, which is admitted to have been made by the defendants in the manner described in their specification, is an infringement of the plaintiff's patent; for although the defendants' patent may be invalid or void, yet, he is not liable to this action, unless the bathing-machine constructed by him infringes upon the rights secured to the plaintiff by his patent.

[2. The plaintiff's patent is not for the whole machine, consisting of the movable reservoir and jet-bath united together and forming one entire machine; but it is for the combination of the two, by connecting them together in the manner described in his specification; this is the improvement he claims, and which is secured to him by his patent. It is a combination of known elements and powers, in a new and specified form, in order to produce a certain effect; and the invention consists altogether in the manner and form in which the improvement is constructed, and the shower produced and delivered upon the body.

[3. It is admitted, that a shower-bath composed of a reservoir combined with jet lateral tubes, was known and in use before the plaintiff made his invention; and also a bath with a movable reservoir, but without movable jets attached to it; and that in both of these baths the shower upon the head fell vertically from the perforated bottom of the reservoir. It is further admitted, that the mode of uniting the tubes for the lateral jets, with a movable reservoir, by any mechanical means, in order to make the reservoir and lateral tubes move at the same time and by the same force, does not differ from the mode of uniting fixed lateral jet-tubes to a fixed reservoir. The mere act, therefore, of fastening the lateral jet-tubes to a movable reservoir, by ordinary mechanical means, so as to make them move at the same time and by the same force, is not a patent-able invention, nor does the plaintiff claim it as such in his specification.

[4. A part of the combination claimed by the plaintiff, as his improvement, is, that the reservoir or chamber should not be perforated, and that the shower, whether intended for the head, or the shoulders or body, should be delivered altogether from the lateral jet-tubes; and that the water should descend from the reservoir or chamber, by four separate tubes, to the horizontal discharging tubes, so as to make the jets (when the bather desires it) all act, at the same instant and with the same force, upon every side of the body, while the bather stands still under the reservoir or chamber; his head being encompassed by the oblong octagon formed by the four horizontal tubes with the short connecting pieces.

[5. In the defendants' bath, both as described in their specification, and as exhibited to the court and jury, the reservoir is perforated at the bottom, and when the head is intended to be bathed, the water falls perpendicularly from the reservoir, and does not issue from jet-tubes at the sides; and the water for the lateral jet-tubes descends from the reservoir, by one conduit or large tube, at the back, and flows into the lateral jet-tubes which are united to it on each side; the lateral tubes being curved and not meeting in front, but leaving a space open between them sufficiently large for the bather to enter, and making it necessary for him to be in motion, while bathing, and to turn his body, from time to time, when he desires to receive the lateral shower with equal force and abundance, before and behind, and on each side of his body or limbs.

[6. It appears then, that substantial parts of the combination claimed by the plaintiff, as his invention, are not used by the defendants; and that the combination of the movable reservoir with the jet-bath, in the machine of the latter, differs materially, in several of its component parts, from that of the former; and also in the manner of their adjustment and arrangement in the machine; that his bath differs also in the manner in which the shower is delivered and administered to the bather; and that although the same end is accomplished, it is not accomplished by the same means and by the same combination. If the jury believe the facts stated in the exception to be true, the bath of the defendants exhibited to the court and jury, is no evidence of the infringement of the rights secured to the plaintiff by his patent; and therefore, he is not entitled to recover in this action. The instructions prayed by the plaintiff are refused.

[Verdict for defendants.]