NEWMAN, Circuit Judge,
dissenting.
Gennum Corporation brought this action for declaration of noninfringement and invalidity of several patents owned by Technology Licensing Corporation (TLC), and TLC seeks its Seventh Amendment right to a jury trial. Precedent and the Constitution assure that right.[1] My colleagues *1292 on this panel have denied it. I must, respectfully, dissent.
Gennum seeks adjudication of both infringement and validity, both causes of action that carry the jury right. That right is not eliminated by TLC’s waiver of recovery of damages for infringement, for legal as well as equitable issues remain to be litigáted. Precedent makes clear that the waiver of damages does not remove all legal issues from the right to a jury; my colleagues err in holding that both validity and infringement lose the guarantee of the Seventh Amendment. Jury trial of Gen-num’s ’claim of invalidity is available as of right, whatever the requested remedy for infringement.
In Parsons v. Bedford, 28 U.S. (3 Pet.) 433, 447, 7 L.Ed. 732 (1830), the Court explained that the language of the- Seventh Amendment, “Suits at common law,” refers to “suits in which legal rights were to be ascertained and determined, in contradistinction to those, where equitable rights alone were recognized, and equitable remedies were administered.” When an action calls for the adjudication of legal rights, the trial court must honor the jury demand, whether or not equitable issues are also present. Dairy Queen Inc. v. Wood, 369 U.S. 469, 472-73, 479, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). In Ross v. Bernhard, 396 U.S. 531, 538, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), the Court again explained that the “Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action,” and that the presence of a legal issue preserves the jury right, even if the overall character of the cause can be viewed as equitable. Litigation of patent validity is an action at law, separate from the infringement cause of action. The independent viability Of patent validity claims was reinforced in Cardinal Chem. Co. v. Morton International, Inc., 508 U.S. 83, 96, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993), where the Court explained that “A party seeking a declaratory judgment of invalidity presents a claim independent of the patentee’s charge of' infringement.” As the Court held in Dairy Queen, as in Beacon Theatres Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), and again in Tull v. United States, 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987), the jury right applies to all of the issues in the case.
Patent validity was a common law action tried to a jury in Eighteenth Century England. An action to repeal and cancel a patent was pled as the common law writ of scire facias. E.g., Rex v. Arkwright (Kings Bench 1785) (in an action in the Court of King’s Bench: “Gentlemen of the jury, this is a scire facias brought to repeal a patent ....”); Rex v. Else (Kings Bench 1785) (“the patent is void, and the jury must find for the Crown”); Blackston v. Martin, Latch 112 (Kings Bench 1625-1628) (“En un scire facias, ... niit .hors del Chancery, al County Palatine de Durham, d’estra trye, & en verdict done pur le plaintiff....” [our translation: “In a scire facias, ... removed from the Chancery to the County Palatine of Durham, having been tried, and upon verdict given for the plaintiff ....”]) Blackstone explained that a scire facias to cancel a patent was tried in an “ordinary legal court”:
The. ordinary legal court is much more ancient than the court of equity. ■ Its jurisdiction is to hold plean upon a scire facias to repeal and cancel the king’s letters patent, when made against law, or upon untrue suggestions; and to hold plea of petitions, monstrans de droit, traverses of offices, and the like; when the king has been advised to do any act, or is put in possession of any lands or goods, in prejudice of a subject’s right.
3 William Blackstone, Commentaries on the Laws of England 47 (1765-69). The *1293 scire facias for invalidating a patent invoked the common law powers that were held by the court of chancery, see Theodore F. Plucknett, A Concise History of the Common Law, 392 n.2 (5th ed.1956) (the scire facias is legal, not equitable); 1 William Holdsworth, A History of English Lato, 449 (6th ed.1938) (chancery had always had some common law jurisdiction). Lord Coke explained that “The court of chancery is either ordinary, as a court of common law, or extraordinary, as a court of equity. The ordinary court holds pleas upon scire facias to repeal patents ....” 3 A Systematic Arrangement of Lord Coke’s First Institute of the Laws of England, 328 n.D (J.H. Thomas ed., London, S. Brooke 1818). See also 2 William C. Robinson, The Law of Patents § 726, n.l (a scire facias could issue for unlawful grant of a patent).
In the United States, jury trials of issues of patent validity appear from the early days of the nation’s jurisprudence. See, e.g., Ex parte Wood, 22 U.S. (9 Wheat.) 603, 614-15, 6 L.Ed. 171 (1824) (Story, J.):
[I]t is the opinion of the Court ... that a peremptory mandamus issue to the Judge of the District Court ... that he award a process, in the nature of a scire facias, to the patentees, to show cause why the patent should not be repealed ... and that, if the issue so joined be an issue of fact, then the trial thereof to be by a jury; if an issue of law, then by the Court, as in other cases.
See also Shaw v. Cooper, 32 U.S. 292, 7 Pet. 292, 8 L.Ed. 689 (1833) (discussing jury charge in action for infringement in which the charge of infringement and the defense of invalidity were both tried to a jury); Gayler v. Wilder, 51 U.S. 477, 498, 10 How. 477, 13 L.Ed. 504 (1850) (the issues of infringement and invalidity were tried to a jury, “And if the jury found the fact to be so, and that Fitzgerald again discovered it, we regard him as standing upon the same ground with the discoverer of a lost art ....”); Hotchkiss v. Greenwood, 52 U.S. 248, 267, 11 How. 248, 13 L.Ed. 683 (1850) (both infringement and invalidity were tried to a jury, the court stating: “Now if the foregoing view of the improvement claimed in this patent be correct, it is quite apparent that there was no error in the submission of the questions presented at the trial to the jury”); Battin v. Taggert, 58 U.S. 74, 85, 17 How. 74, 15 L.Ed. 37 (1854) (the Court held that it was error for the trial judge to direct the verdict and remanded for the jury to determine issues of validity and infringement, stating that “[t]he jury are also to judge’of the novelty of the invention”); Godfrey v. Eames, 1 Wall. 317, 68 U.S. 317, 326, 17 L.Ed. 684 (1863) (in suit to recover damages for infringement, it was error for trial judge to have directed the verdict instead of submitting question of validity to jury)" (“The question of the continuity of the application should have been submitted to the jury.”); Bischoff v. Wethered, 9 Wall. 812, 76 U.S. 812, 19 L.Ed. 829 (1869) (in breach of contract case asking for declaration that patent was invalid in light of prior patent on the same subject, the Court held that the issue of invalidity was the province of the jury and that directions to jury to find validity were proper); Klein v. Russell, 19 Wall. 433, 86 U.S. 433, 22 L.Ed. 116 (1873) (questions of infringement and validity in terms of utility were properly submitted to jury); Adams v. Bellaire Stamping Co., 141 U.S. 539, 541, 12 S.Ct. 66, 35 L.Ed. 849 (1891) (in suit for damages for infringement, questions of infringement and validity in terms of obviousness were submitted to jury on “special questions,” the jury finding “that the Irwin patent disclosed no improvement which required invention, as distinguished from mere mechanical skill or judgment ...”).
In these early cases the Court explored many aspects of patent litigation, illustrat *1294 ing the role of the jury on various issues. Most cases state that the patentee was seeking damages for infringement, and in Root v. Railway Co., 105 U.S. 189, 205, 26 L.Ed. 975 (1881) the Court explained that legal defenses could be raised in a suit for equitable relief for infringement, without filing a separate action in law. Not long after Root v. Railway the Court held in United States v. American Bell Telephone Co., 128 U.S. 315, 9 S.Ct. 90, 32 L.Ed. 450 (1888), that invalidity was a legal issue even in suits by the government. The Court stated that the United States can bring suit to cancel a fraudulently obtained patent in a court of equity, but must bring a suit for invalidity by reason of unpatent-ability in a court of law. Id. at 365, 9 S.Ct. 90 (“In such cases courts of law will pronounce them void.”) By the time of Dairy Queen, there was no doubt that the presence of equitable issues could not defeat the jury right.
Jury trials involving patent validity are pervasive in our legal history, the reported cases raising no issue of entitlement to a jury depending on the remedy for infringement. The cases consistently show jury trials of both infringement and validity, most but not all cases mentioning damages as a remedy. E.g., Gray v. James, 10 F. Cas. 1015 (C.C.Pa.1817) (suit alleging violation of patent right in which issues of infringement and invalidity were submitted to the jury) (“But if the jury should be of opinion that he is the original inventor, then there is nothing in this objection.”); Watson v. Bladen, 29 F. Cas. 424, 425 (C.C.Pa.1826) (issues of infringement and validity were submitted to the jury) (“If they [the jury] should be satisfied that the whole, or any of the essential parts and principles of the machine were invented by Martin, and introduced into the machine upon his suggestion, the whole patent is void”); Brooks v. Jenkins, 4 F. Cas. 275, 276 (C.C.Ohio 1844) (suit for infringement damages, charging jury: “This is an issue directed out of chancery. The pleadings are filed and so made up as to try every material -fact involving the validity of Woodworth’s patent....”); Knight v. Gavit, 14 F. Cas. 765, 768 (C.C.Pa.1846) (action for damages in which issues of infringement and invalidity were tried to the jury) (“The next question regards the utility of the plaintiffs alleged improvement. Upon this, also, you will pass as the evidence may direct you.”); Parker v. Stiles, 18 F. Cas. 1163, 1172 (C.C.Ohio 1849) (jury decided issues of infringement and validity, charging jury: “I do not propose to examine the evidence on this point [invalidity], as it will be for the jury to decide on its force and conclusiveness.”); Larabee v. Cortlan, 14 F. Cas. 1136, 1138 (C.C. Md. 1851) (suit for damages in which issues of infringement and validity were submitted to jury); (Am. Hide & Leather Splitting & Dressing Mach. Co. v. Am. Tool & Mach. Co., 1 F. Cas. 647, 649 (C.C.Mass.1870) (suit for damages in which infringement was admitted but defense of invalidity was submitted to a jury) (charging jury: “a public use or sale of the invention, with the knowledge and consent of the inventor more than two years prior to his application, does invalidate a patent and make it void”); Blessing v. John Trageser Steam Copper Works, 34 F. 753, 754 (C.C.S.D.N.Y.1888) (in an action at law for infringement, court ruled that invalidity was an .issue for the jury “[wjhere the question whether the improvement required inventive skill for its production actually exists, it is one of fact for the jury”).
This strong history illustrates the issue of patent validity tried to a jury based on its status as a question of law, and not simply . derivative of infringement. This was the situation in 1791 in England, and the United States Constitution preserved that right. Professor Pomeroy, summarizing the early United States jurisprudence *1295 in his treatise on equity, explained that when only an injunction is sought as remedy for infringement, unless validity is contested the issue is entirely equitable: “The ordinary form of relief [for infringement is] an injunction in equity; indeed, the action at law is seldom resorted to, except for the purpose of establishing the validity of the patent or copyright by the verdict of a jury when it is really contested.” 4 Pomeroy’s Equity Jurisprudence and Equitable Remedies § 1352 (3d ed.1905). Pomeroy recognized that validity, if contested, is for the jury even when the remedy for infringement is an injunction. The issue of invalidity requires determination of whether the patent was granted in accordance with law; this issue has consistently been triable to a jury, whether or not infringement was also at issue.
The Court has often stressed the importance of the constitutional safeguard of the jury system:
Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.
Dimick v. Schiedt, 293 U.S. 474, 486, 55 S.Ct. 296, 79 L.Ed. 603 (1935). In Jacob v. City of New York, 315 U.S. 752, 62 S.Ct. 854, 86 L.Ed. 1166 (1942) the Court reiterated:
The right of jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment. A right so fundamental and sacred to the citizen, whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the courts.
Id. at 752-53, 62 S.Ct. 854.
The Court has emphasized preservation of the jury right when a case contains both legal and equitable causes of action. In Dairy Queen, 369 U.S. at 473, 82 S.Ct. 894, the Court stated:
It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable. As long as any legal cause is involved the jury rights it creates control.
Similarly, in Beacon Theatres, 359 U.S. at 508, 79 S.Ct. 948, the Court granted mandamus to enforce the jury right where Fox West Coast Theatres brought an action against Beacon Theatres asking for a declaration that Fox was not in violation of the Sherman or Clayton Act and for an injunction, and where Beacon Theatres asserted counterclaims and cross-claims of antitrust violations. The Court stated: “Viewed in this manner, the use of discretion by the trial court under Rule 42(b) to deprive Beacon of a full jury trial on its counterclaim and cross-claim, as well as on Fox’s plea for declaratory relief, cannot be justified.”
Again in Tull, 481 U.S. at 421 n. 6, 107 S.Ct. 1831, the Court explained that the jury right includes statutory actions that are analogous to suits at common law or are legal in nature, and rejected the argument that “both the cause of action and the remedy must be legal in nature before the Seventh Amendment right to a jury trial attaches.” When the cause of action arises under the common law, whether infringement or validity, the right to a jury trial attaches.
This fundamental right cannot have been withdrawn by this court in Tegal Corp. v. Tokyo Electron America, Inc., 257 F.3d 1331 (Fed.Cir.2001). In Tegal the patentee sued for infringement but sought no damages. The defendant raised the defense of invalidity, and this court held that the defendant had no right to a jury trial. I do not here comment on the correctness of Tegal, for the case at bar is in *1296 an even stronger posture, for invalidity was the subject of the complaint.- My colleagues on this panel stray in stating that it is not relevant “whether Gennum raised invalidity as a defense or in a counterclaim,” for Gennum did neither. Gen-num sued for invalidity, and neither as a defense nor as a counterclaim, but as-the charge in the complaint. Tegal cannot be enlarged to deny the jury right on a complaint of patent invalidity, without contravening the great weight of Seventh Amendment jurisprudence. Dairy Queen and Beacon Theatres made clear that when both legal and equitable issues are raised, the jury right is preserved.
The majority opinion supports its deprivation of the jury right with the vacated decision of In re Lockwood, 50 F.3d 966 (Fed.Cir.), vacated sub-nom American Airlines, Inc. v. Lockwood, 515 U.S. 1182, 116 S.Ct. 29, 132 L.Ed.2d 911 (1995). In Lockwood the Court had granted certiorari on the question: “In action in which sole claim to be tried is claim under Declaratory Judgment Act to have a patent declared invalid, is there right to jury trial under Seventh Amendment?” 63 USLW 3857 (June 6, 1995). The Court vacated the Federal Circuit decision when Mr. Lockwood withdrew his request for a jury trial. Lockwood’s premise that the writ of scire facias was limited to revocation for fraud is contravened by English precedent, as I have cited.
The panel majority’s conclusion — that a suit to revoke or invalidate a patent on grounds other than fraud could not be brought in England and was not triable to a jury — is directly contrary to English and succeeding American precedent applying Seventh Amendment principles. Indeed, the scire facias was cited by Justice Story in 1824 in granting mandamus to try th'e validity of the patent, with trial to a jury. Ex Parte Wood, 22 U.S. at 614-15. The historical foundation of the jury right is imbedded in -law and tradition, and is not subject to ready repudiation on the questionable dictum of a vacated opinion.
The panel majority lists three district court cases that construed Tegal as barring jury trial in a declaratory judgment action. However, the jury right is not affected by whether issues arise by direct or -declaratory action. See Moretrench Am. Corp. v. S.J. Groves & Sons Co., 839 F.2d 1284, 1286 (7th Cir.1988) (a declaratory action is neither legal nor equitable, and does not change the nature of the issues). In Tegal invalidity was raised as a defense, not as a claim or counterclaim; it is unwarranted to enlarge Tegal to bar jury trial when invalidity is charged in the complaint, and validity is presented by counterclaim.
It is “the responsibility of the Federal Courts of Appeals to grant mandamus where necessary to protect the constitutional right to trial by jury.” Dairy Queen, 369 U.S. at 472, 82 S.Ct. 894. The court’s deprivation of the jury right when invalidity is raised by declaratory action, whether or not damages are requested for infringement, is contrary to the Constitution and contrary to precedent. '

. Amendment VII. In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ....